United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAUL ESTRADA RAMIREZ,
Petitioner,
v.
TONYA ANDREWS, *et al.*,
Respondents.

Case No. 1:26-cv-05186 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 32–33. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States in 2003, and was taken into custody by the Department of Homeland Security ("DHS") in 2019 following submission of an application for asylum. *See* Dkt. No. 1 at 15–17; Dkt. No. 9-1 at 5–7. He was subsequently released from custody after posting a $5,000 bond. Dkt. No. 1 at 16. On January 29, 2026, Petitioner was arrested for several charges, including solicitation to commit human trafficking of a minor, traveling to meet a minor for unlawful sex act, attempting to commit lewd and lascivious battery, soliciting a child for unlawful sex using a computer, and resisting arrest without violence. Dkt. No. 9-1 at 19. Petitioner was ultimately convicted of one count of soliciting another to commit prostitution. *Id.* at 20–26. ICE officers detained Petitioner on January 30, 2026 following his release from Palm Beach County Jail. Dkt. No. 9-1 at 2.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May

14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief noting that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention" in light of his prior criminal convictions. Dkt. No. 9 at 1. They further argued that his detention is mandatory under 8 U.S.C. § 1225(b). *Id*. at 2. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2).

However, the Court finds that a post-deprivation hearing is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his recent arrest and conviction. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. "Respondents have viably alleged that Petitioner's re-detention was precipitated by a changed circumstance arguably indicating that Petitioner is a threat to public safety." *Calvillo v. Chestnut*, No. 1:26-CV-00569-DC-CSK (HC), 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026). As the Government's asserted justification for Petitioner's re-detention "are not obviously pretextual" and "there is a dispute of fact as to whether Petitioner [] violated the terms of his parole" the proper remedy is "prompt, post-deprivation process" rather than immediate release. *Martinez Hernandez v.*

*Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED in part, for the reasons stated in those prior orders. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 1, 2026

EDWARD J. DAVILA
United States District Judge